## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| BENJAMIN BRIAN BONDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:10-CV-89 |
| | ) | |
| SOUTH BEND POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **DISMISSES** this complaint pursuant to Section 1915A.

BACKGROUND

Plaintiff Benjamin Brian Bonds ("Bonds"), a prisoner confined at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of rights protected by the United States Constitution's Fourteenth Amendment. The defendant is the South Bend Police Department.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the

dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 554, 555 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Bonds brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42

(1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Bonds is "suing the South Bend, IN. Police Department. For Discrimination of color." (DE 1 at 3). He alleges that in July 2009, he "was <u>assaulted</u> with a deadly weapon, by a white male and the South Bend Police Department let him go." (*Id.*) (Emphasis in original).

The sole defendant is the South Bend Police Department, which can only be sued in its official capacity. An official capacity damage claim is not a suit against an official as an individual: "the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities may be held liable for damages under section 1983 if a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). To prevail in an official capacity damage claim, a plaintiff must establish the existence of an official policy or custom by proving the existence of an express municipal policy that caused the alleged violation of his rights, *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734 (7th Cir. 1994), or by establishing the existence of a practice or custom so widespread or persistent that it rises to the level of a policy which can fairly be attributed to the municipality. *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). To establish a widespread practice

3

or custom, a plaintiff must establish that officials knew of the problem, yet did nothing to solve it. *Dye v. Wargo*, 253 F.3d 296, 299. (7th Cir. 2001). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to section 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

A private individual has no constitutional right to have another person arrested and criminally prosecuted. See *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990); *See also De Shaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989)(no right to police investigation); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988) (victim has no constitutional right to insist on a criminal prosecution); *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985)(a person has no right to adequate police investigation). Accordingly, even if another person assaulted Bonds and a South Bend police officer "let him go," it states no claim against the South Bend Police Department under section 1983.

CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. section 1915A(b)(1), the Court **DISMISSES** this complaint.

**DATED: June 24, 2010**          /S/RUDY LOZANO, Judge
                                  **United States District Court**